IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADVANCED WATER WELL TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff,* | § § | 5:22-CV-01270-DAE-RBF |
| vs. | § § § | |
| JONATHAN PRATER, | § § | |
| *Defendant.* | § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David Ezra:**

This Report and Recommendation concerns Plaintiff's Renewed Motion to Dismiss. *See* Dkt. No. 30. Certain pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 35. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Plaintiff's Renewed Motion to Dismiss should be **GRANTED,** and the case should be **DISMISSED WITHOUT PREJUDICE**.

On November 23, 2022, Plaintiff Advanced Water Well Technologies, LLC, sued Defendant Jonathan Prater, alleging a Defend Trade Secrets Act claim, a Texas trade secrets law claim, a conversion claim, and a Computer Fraud and Abuse Act claim. *See* Dkt. No. 1. Plaintiff completed service on Defendant in March 2023. *See* Dkt. No. 7. In March 2024, Plaintiff filed a motion to voluntarily dismiss the case without prejudice under Federal Rule of Civil Procedure

41, *see* Dkt. No. 20, though Defendant objected and argued the case should be dismissed with prejudice, *see* Dkt. No. 21. *See also* Dkt. No. 22 (Reply).

The Court held a hearing on the Motion to Dismiss, Dkt. No. 20, on July 15, 2024, at which the Court orally mooted the motion and arranged for an alternative resolution between the parties. *See* Dkt. Nos. 28 & 34. As a result of the hearing, the parties were to draft and agree upon an affidavit for Defendant's signature that would certify, among other things, that he retained no information that was the basis for Plaintiff's lawsuit. *See id.* The affidavit would thus provide Plaintiff with an alternative basis for relief and the case could be dismissed with prejudice. Negotiations between the parties about the contents of the affidavit broke down, however, and Defendant unilaterally filed an affidavit to which the parties had not mutually agreed. *See* Dkt. Nos. 26 & 29. Plaintiff subsequently filed their Renewed Motion to Dismiss. *See* Dkt. No. 30; *see also* Dkt. Nos. 31 (Resp.) & 32 (Reply).

The Court held a hearing on the Renewed Motion on January 10, 2025, at which the parties agreed to attend a settlement conference to facilitate resolution of the case. *See* Dkt. Nos. 36 & 37. The conference was held on April 2, 2025, but was unsuccessful. *See* Dkt. No. 40. Plaintiff's Renewed Motion to Dismiss, Dkt. No. 30, remains live.

The Court has twice attempted, but failed, to facilitate a mutually agreeable resolution of the parties' dispute. The Court therefore recommends that the case be dismissed without prejudice, given in particular that the parties have not engaged in significant discovery or motions practice. The Court acknowledges Defendant's contention that after Plaintiff sued in November 2022, Plaintiff did little, if anything, to meaningfully prosecute the case. *See* Dkt. No. 21. The passage of time, however, may alleviate both Plaintiff's and Defendant's concerns, as almost three years have now passed since the lawsuit's initiation and there seems to be little if

any evidence of confidential-information misuse. If the nexus of the dispute lies in the past, then relevant statutes of limitations may have lapsed. And if new events arise involving confidential information, they may still form the basis for a new, distinct action. Moreover, while the Court does not find Plaintiff's claims are necessarily baseless, the Court cautions Plaintiff that pursuing these same claims in further litigation may ultimately subject Plaintiff to considerable sanctions if those claims prove baseless, especially given Plaintiff's failure to diligently pursue the claims here. *See* Fed. R. Civ. P. 11(c).

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that Plaintiff's Renewed Motion to Dismiss, Dkt. No. 30, be **GRANTED**. This case should be **DISMISSED WITHOUT PREJUDICE**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the

objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 24th day of June, 2025.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE